UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

In re: Vasan Deshikachar,

    Debtor.

JOYCE COLLINS

    Plaintiff-Appellee,

v.

VASAN DESHIKACHAR,

    Defendant-Appellant.

_____/

Civil Action No. 15-11679
Honorable Mark A. Goldsmith
Magistrate Judge Elizabeth A. Stafford

**REPORT AND RECOMMENDATION TO
<u>AFFIRM THE DECISION OF THE BANKRUPTCY COURT</u>**

## I.    INTRODUCTION

On May 12, 2015, Defendant-Appellant Vasan Deshikachar, M.D., proceeding *pro se*, filed this action appealing the disposition of an adversary proceeding filed against him in United States Bankruptcy Court by Plaintiff-Appelle Joyce Collins.  [R. 1].  Specifically, Deshikachar challenges United States Bankruptcy Judge Thomas J. Tucker's order granting Collins's motion to enforce settlement agreement and dismissing the adversary proceeding on terms consistent with the settlement agreement.  [*Id*.].  The Honorable Mark A. Goldsmith referred the case to

the undersigned to prepare a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B).  [R. 5].  The parties submitted written briefs [R. 3; R. 6; R. 8], and the Court held a hearing on this matter on November 12, 2015.  For the following reasons, the Court **RECOMMENDS AFFIRMING** the decision of the Bankruptcy Court [R. 1, PgID 3-4].

## II.    BACKGROUND

### A.    The State-Court Sexual Harassment Action

The subject matter of the adversary proceeding dates back to a sexual harassment suit Collins filed against Deshikachar and his corporation in 2006.  [R. 4, PgID 103-11]; *see also* *Collins v. Anchor Senior Med. Services PLLC*, 2012 WL 1314142, at *1 (Mich. Ct. App. April 17, 2012).  In January 2011, the state trial court entered a default judgment against Deshikachar for $500,000 based on his repeated "failure to comply with the Court's orders … and efforts … to manipulate the system." *Collins,* 2012 WL 1314142, at *1-*2.  Deshikachar appealed, and the Michigan Court of Appeals affirmed the entry of default, but remanded the matter for a jury trial on the issue of damages.  *Id.* at *2-*3.  In January 2013, prior to the trial, the parties reached a settlement and entered into a consent judgment for $170,000, which was "due and owing upon execution of [the]

2:15-cv-11679-MAG-EAS   Doc # 9   Filed 11/13/15   Pg 3 of 16   Pg ID 421

Judgment."  [R. 4, PgID 64-66].

## B.    Underlying Adversary Proceeding & Mediation Conference

Instead of fulfilling his obligations under the consent judgment,

Deshikachar filed for Chapter 7 bankruptcy in December 2013, after which

Collins filed the underlying adversary proceeding alleging that the consent

judgment was a non-dischargeable debt.  [R. 4, PgID 53-62].  The

bankruptcy judge referred the matter to mediation before retired United

States Bankruptcy Judge Ray Reynold Graves, which took place on

January 30, 2015.  [*Id.*, PgID 93-94].  After facilitating the mediation, Judge

Graves filed a notice with the Bankruptcy Court, pursuant to E.D. Mich.

Local Bankruptcy Rule ("LBR") 7016-2(a)(7), stating that "[t]he parties …

reached an agreed settlement on Friday, January 30, 2015.  The parties

and counsel signed a handwritten 'term sheet' confirming the settlement

which will be drafted by counsel and presented to the Court for approval

and entry."  [*Id.*, PgID 115].

The so-called "term sheet" provides the following:

- Total Settlement Payment = $100,000
    - o $20,000 down payment on or before 2/28/15
    - o $1,000 per month for 60 months starting 3/31/15
    - o $20,000 balloon payment due on 61st month

- Settlement accrues 0% interest
- No prepayment penalty
- If a payment is not made after 30 days, Π's counsel may send a

3

notice of default to Δ who shall have 30 days to cure
- In the event of an uncured default, Π may reopen the adversary proceeding to enter a consent judgment for $170,000, less all payments made on account of the settlement, under 11 USC § 523(a)(2)(A) + (a)(6)
- This settlement will not be discharged in BK Case No. 13-62545
- Π shall dismiss A.P. # 14-4318-TJT w/n 30 days.

[R. 4, PgID 44].[1]  The term sheet was signed at the bottom by Collins and her attorney, and Deshikachar and his attorney, Elliot Crowder.  [*Id.*].

On February 3, 2015, the court entered a text-only order on the docket requiring that Collins file an agreed order of dismissal or a consent judgment within seven days of the order.  [*See* R. 4, PgID 85].  Opposing counsel conferred and exchanged drafts of the language that would be submitted to the court; their discussions concerned "procedural issues." [*Id.*, PgID 75-77].  However, the discussions stalled because Deshikachar retained new counsel and claimed that no agreement was reached during the mediation.  [*Id.*, PgID 116-21].

**C.   Motion to Enforce Settlement**

On February 9, 2015, Collins filed a motion to enforce the settlement agreement.  [R. 4, PgID 27-39].  Deshikachar filed an objection to Collins's motion to enforce, arguing that the Bankruptcy Court should set aside the

---

[1] The Bankruptcy Court case numbers for the underlying Chapter 7 and underlying adversary proceeding are No. 13-62545-TJT and No. 14-04318-TJT, respectively.

4

mediation settlement agreement because: (1) he was "lured" by the mediator's purported misrepresentations regarding aspects of the underlying claim; (2) his counsel coerced him into signing the agreement by "advising [him] to accept the mediation settlement and alluding to his desire to withdraw from the case if [he did] not accept [it]"; and (3) a mistake of fact regarding a $450,000 debt he owes to the Internal Revenue Service ("IRS") – which "was not considered by the respective parties or mediator when the mediation settlement agreement was executed" – makes it likely he will default on the mediation agreement, such that it is unconscionable. [*Id.*, PgID 45-49].  Collins filed a reply brief arguing that Deshikachar's claims to set aside the settlement agreement failed as a matter of law.  [*Id.*, PgID 125-29].

On March 16, 2015, Deshikachar filed an addendum to his objection, without assistance of counsel, arguing that the term sheet did not constitute an enforceable settlement agreement because it: (1) fails to affirmatively state the parties' intent to settle or for it to be binding; (2) does not define the term "consent judgment" or identify with particularity the identity of all parties involved; (3) fails to "precisely identify the duties of the parties like to where, whom and [h]ow the obligation is to be fulfilled"; and (4) did not include language limiting his obligation to pay if the IRS garnished his

assets, which he claims "was a condition precedent for the existence and performance of the contract."[2]  [R. 4, PgID 72-73].  He also argued that entering the term sheet into evidence would violate E.D. Mich. LBR 7016-2(a)(5), which made "proceedings and writings incident to … mediation" inadmissible.  [*Id*.].

The Bankruptcy Court ordered supplemental briefing regarding the meaning of LBR 7016-2(a)(5).  [R. 4, PgID 79-81].  The parties submitted supplemental briefs [*id.*, 199-215, 216-20], and the court held oral argument on April 29, 2015.  [*Id.*, PgID 226-276].

### D.    Bankruptcy Judge's Order and Deshikachar's Appeal

After hearing the parties' arguments, Bankruptcy Judge Tucker announced a detailed ruling on the record and subsequently entered an order granting Collins's motion to enforce settlement agreement and dismissing the adversary proceeding on terms consistent with the agreement.  [R. 1, PgID 3-4; R. 4, PgID 276-313].

On May 11, 2015, Deshikachar initiated this action by filing a notice of appeal.  [R. 1].  The parties each filed an appellate brief, and Deshikachar

---

[2] Deshikachar's credibility on his claim that the parties "intended" the settlement agreement to contain a condition precedent regarding his IRS tax debt is challenged by his earlier objection to Collins's motion to enforce, where he stated that "[the IRS tax debt] was not considered by the respective parties or mediator when the mediation settlement agreement was executed."  [*See* R. 4, PgID 49].

6

filed a rebuttal and addendum to his opening brief.  [R. 3; R. 6; R. 8].  The Court held a hearing on November 12, 2015, at which Deshikachar argued on his own behalf and Collins's counsel, Keith Flynn, argued on her behalf.

## III.   STANDARD OF REVIEW

Federal district courts have jurisdiction to hear appeals from "final judgments, orders, and decrees … of bankruptcy judges." 28 U.S.C. § 158(a).  The Court reviews the bankruptcy court's findings of fact using a clearly erroneous standard, whereas conclusions of law are reviewed *de novo*. *In re Musilli*, 398 B.R. 447, 452-53 (E.D. Mich. 2008).

## IV.   ANALYSIS

Deshikachar argues that the term sheet is not an enforceable settlement agreement under general contract law; that the term sheet is inadmissible under E.D. Mich. LBR 7016-2(a)(5); and that his assent to the terms of the agreement was defective due to duress, undue influence, misrepresentation, and/or mistake.  [R. 3; R. 6].  For the following reasons, Deshikachar's arguments fail.

### A.   The Term Sheet is an Enforceable Settlement Agreement

It is well-established that courts have the authority to enforce settlement agreements upon finding that the parties have agreed on all material terms.  *RE/MAX Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 645-

46 (6th Cir. 2001). In determining whether a settlement agreement is an enforceable contract, the Court applies state substantive law, thus Michigan contract law governs. *McCormick v. Brzezinski*, No. 08-10075, 2010 WL 1463176, at *2 (E.D. Mich. April 13, 2010) (Cleland, J.) (citations omitted). The interpretation of a contract is a question of law, which the Court reviews *de novo*. *Royal Ins. Co. of America v. Orient Overseas Container Line Ltd.*, 525 F.3d, 409, 421 (6th Cir. 2008) (citations omitted). "If a contract is clear and unambiguous … there is no issue of fact to be determined." *Id.* (citations and quotation marks omitted).

To form a valid contract under Michigan law, there must be a meeting of the minds, or mutual assent, with regard to all essential terms of the contract. *Kamalnath v. Mercy Memorial Hosp. Corp.*, 194 Mich. App. 543, 548-49 (1992) (citations omitted). "A meeting of the minds is judged by an objective standard, looking to the express words of the parties and their visible acts, not their subjective states of mind." *Kloian v. Domino's Pizza LLC*, 273 Mich. App. 449, 454 (2006) (citation and quotation marks omitted).

Deshikachar argues that the term sheet is a preliminary negotiation memo, or an agreement to agree, which lacks essential components of a valid contract, and that the parties intended to meet and negotiate a final

8

settlement agreement with additional terms.  Specifically, he says that it lacks: a definition for "consent judgment," a confidentiality provision, an express statement of offer and acceptance, a dispositive disclaimer or affirmation, the identity of the parties, and material terms regarding to whom, how and when payments are made.  [R. 3].  The Court disagrees and finds that the parties agreed on all material terms.

It is obvious that Collins was the plaintiff and Deshikachar was the defendant in term sheet; those were their designations in the underlying adversary proceeding and Deshikachar was the party who owed on a consent judgment, not the other way around.  The terms plainly indicate that Collins agreed to dismiss the adversary proceeding in exchange for Deshikachar's agreement to pay her $100,000 according to the following schedule: a $20,000 down payment due on or before February 28, 2015; $1,000 per month for 60 months, due by the last day of each month and starting on March 31, 2015; and a $20,000 balloon payment due by the end of the 61st month.  [R. 4, PgID 44].  The parties agreed that there would be no prepayment penalty.  [*Id.*].  Moreover, the term sheet stated, "*This settlement* will not be discharged in BK Case No. 13-62545," [*id.* (emphasis added)], deeming ludicrous Deshikachar's subsequent claim that the parties did not agree to a settlement.

The settlement agreement further detailed the consequences of its breach. If Deshikachar failed to make a payment under its terms, Collins's counsel could send a notice of default to Deshikachar after 30 days had passed, and Deshikachar then had 30 days to cure the default. [R. 4, PgID 44]. If Deshikachar failed to cure the default during that period, Collins could reopen the adversary proceeding and obtain a consent judgment against him in the amount of $170,000.00, less all payments made under the settlement, which would be non-chargeable under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6). [*Id.*]. The language in the term sheet is simple, straightforward, and clear, and it is not susceptible to two or more reasonable interpretations; thus, the language in the agreement is unambiguous. *See Royal Ins. Co. of America*, 525 F.3d at 421.

Deshikachar's assertion that there is no express statement of offer or acceptance is immaterial. By signing their names at the bottom, the parties objectively expressed their assent to the clear and unambiguous terms of the agreement, demonstrating a meeting of the minds, thus satisfying Michigan's requirements for establishing a binding contract. *See Kamalnath*, 194 Mich. App. at 549 ("A contract is made when both parties have executed or accepted it, and not before.").

Despite Deshikachar's argument to the contrary, the settlement

10

agreement need not include any "magic words" in order to be binding.

*Maida v. Ret. & Health Servs. Corp.*, 795 F. Supp. 210, 215 n.3 (E.D. Mich. 1992) aff'd, 36 F.3d 1097 (6th Cir. 1994).  Indeed, an agreement does not even need to be memorialized in writing in order to be valid.  "When parties have agreed on the essential terms of a settlement, and all that remains is to memorialize the agreement in writing, the parties are bound by the terms of the oral agreement."  *RE/MAX Int'l*, 271 F.3d at 646.  Here, the parties agreed, *in writing*, on the essential terms of the settlement on January 30, 2015, leaving the Bankruptcy Court to expect either an agreed order of dismissal of consent judgment before mid-February.  [*See* R. 4, PgID 85].  Deshikachar's arguments that the terms of the term sheet were not intended to constitute a binding settlement agreement are unsustainable given all of the evidence to the contrary.

### B.    Interpretation of E.D. Mich. LBR 7016-2(a)(5)

Deshikachar argues the term sheet should have been precluded from evidence under LBR 7016-2(a)(5), which provides that:

> All proceedings and writings incident to the mediation shall be privileged and confidential, and shall not be reported or placed in evidence.  No party shall be bound by mediation unless a settlement is reached.  If a settlement is reached, the agreement shall be reduced to writing.

E.D. Mich. LBR 7016-2(a)(5).  Determining the applicability of this rule is a

11

question of law, which the Court reviews *de novo*. *In re Musilli*, 398 B.R. at 452-53.

Deshikachar cites to a section of the California Evidence Code and related California precedent for the proposition that a written settlement agreement entered into during mediation is inadmissible under LBR 7016-2(a)(5) unless it specifically states that it is "admissible," "subject to disclosure," "enforceable" or "binding," or contains a declaration in other terms with the same meaning.  [R. 3, PgID 14].  Deshikachar's reliance on California precedent is misguided.  California law is not binding or persuasive to the interpretation of the local bankruptcy rule.

The second and third sentences of LBR 7016-2(a)(5) provide that a party is not bound by mediation unless a settlement is reached, and that if a settlement is reached, the settlement agreement must be in writing.  E.D. Mich. LBR 7016-2(a)(5).  Here, Deshikachar and Collins reached a settlement during mediation, and they complied with LBR 7016-2(a)(5) by reducing their settlement agreement to a signed writing containing all essential terms.  Under these circumstances, there is no logical reason to preclude the settlement agreement from being placed into evidence.  In fact, deeming the signed settlement agreement inadmissible would contradict the second and third provisions of E.D. Mich. LBR 7016-2(a)(5).

12

Thus, the term sheet constitutes a written settlement agreement that is admissible under LBR 7016-2(a)(5).

### C.   Defective Assent Due to Duress, Undue Influence, Misrepresentation, and Mistake

Deshikachar's final argument, that the agreement is unenforceable because his assent was the product of duress, undue influence, misrepresentation, and/or mistake, fails for two reasons.

First, this argument is deemed waived because Deshikachar merely mentions it in conclusory fashion, failing to explain the elements of the underlying defenses or develop an argument in any meaningful way.  *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.") (citation and quotation marks omitted).

Second, Deshikachar's claims of duress, undue influence, misrepresentation, and mistake all rely on alleged statements the mediator and/or his counsel made to him during the January 30, 2015 mediation.  [*See* R. 3, PgID 11-12].  These are the type of statements that are precluded from evidence by the Local Bankruptcy Rule, and Deshikachar fails to proffer any exception to the rule that would allow them to be

13

admitted.  E.D. Mich. LBR 7016-2(a)(5) ("All proceedings and writings incident to the mediation shall be privileged and confidential, and shall not be reported or placed in evidence.").

For these reasons, Deshikachar's argument that his agreement to the settlement was the product of duress, undue influence, misrepresentation, and/or mistake should be disallowed.

## V.     CONCLUSION

Deshikachar was accused long ago during the state court proceedings of attempting to manipulate the system.  *Collins*, 2012 WL 1314142, at *1-*2.  That observation remains apt, as he continues to unreasonably obstruct Collins's ability to find closure from this nine-year-old case despite his agreements to the 2013 consent judgment and the 2015 bankruptcy settlement.  The Court views Deshikachar's appeal as frivolous and contumacious, and **RECOMMENDS AFFIRMING** the decision of the Bankruptcy Court [R. 1, PgID 3-4] to enforce the settlement agreement.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: November 13, 2015

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service

14

of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.

15

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 13, 2015.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager