UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: Vasan Deshikachar,

JOYCE COLLINS

    Plaintiff-Appellee,

v.

VASAN DESHIKACHAR,

    Defendant-Appellant.
_____/

Civil Action No. 15-11679
Honorable Mark A. Goldsmith
Magistrate Judge Elizabeth A. Stafford

**REPORT AND RECOMMENDATION TO GRANT
PLAINTIFF'S MOTIONS FOR COSTS AND SANCTIONS [R. 21, 22]**

**I.   INTRODUCTION**

On March 17, 2016, Plaintiff-Appellee Joyce Collins filed a motion for costs in the amount of $1,785.84, and for sanction in the amount of $11,408.50, representing $7,837.50 for the 28.5 hours of attorney time spent responding to Deshikachar's frivolous appeal and $3,751 for double the costs expended in responding to the appeal.  [R. 21; R. 22].  The Honorable Mark A. Goldsmith referred both motions to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  [R. 26].  The Court **RECOMMENDS** that both motions be **GRANTED**.

## II.    BACKGROUND

Proceeding *pro se*, Deshikachar filed this action appealing the disposition of an adversary proceeding filed against him in United States Bankruptcy Court by Collins.  [R. 1].  This Court issued a report and recommendation (R&R) to affirm the decision of the bankruptcy court, and Judge Goldsmith adopted that recommendation.  [R. 9, 13].  Deshikachar has appealed this judgment to the Sixth Circuit Court of Appeals.  [R. 14].

## III.    ANALYSIS

Under Federal Rule of Bankruptcy Procedure 8021(a)(2), costs may be taxed against the appellant in an appeal to a district court "if a judgment, order, or decree is affirmed."  *See In re Sheidler*, No. 15-8011, 2016 WL 1179268, at *1, n. 1 (B.A.P. 6th Cir. Mar. 28, 2016).  The bankruptcy decision was affirmed and Collins timely filed a bill of costs, with an itemized and verified bill of costs, satisfying the requirements under Rule 8021(d).  [R. 21].  The Court thus recommends that Collins's motion for costs be granted.

Rule 8020(a) provides that, if the district court "determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." *See also Reese v. Reese (In re*

*Reese)*, 485 F. App'x 32, 35 (6th Cir. 2012). Sanctions are warranted only in the rare cases in which an appeal is made for an improper purpose, such as harassment, delay or sheer obstinacy, or when the appeal is obviously baseless. *Id.* This is such a rare case.

In the R&R, this Court opined that Deshikachar has attempted to manipulate the court system, and that "he continues to unreasonably obstruct Collins's ability to find closure from this nine-year-old case despite his agreements to the 2013 consent judgment and the 2015 bankruptcy settlement. The Court views Deshikachar's appeal as frivolous and contumacious . . . ." [R. 9, PgID 432]. Shortly after the R&R was issued, Deshikachar confirmed in an email to Collins's attorney that his intent was to manipulate the court system, writing:

> You need to get off your high horse and try to resolve this matter. Otherwise I can guarantee you your victory will not only be pyrrhic your firm will spend more for no benefit of anybody. I dont [sic] care if you ask and win a million bucks. I have had tens of judgement [sic] over the past 3 decades that has [sic] not been collected a single penny.

[R. 11-13, PgID 548]. Since Deshikachar's appeal was frivolous, contumacious and made for the improper purpose of obstructing Collins's ability to collect her judgment, he should be sanctioned.

3

### III.     CONCLUSION

The Court **RECOMMENDS GRANTING** Collins' motion for Bill of Costs [R. 21], and motion for sanctions against Deshikachar in the form of Costs and Attorney Fees [R. 22]; **ORDERING**, that Collins costs of $1,785.84 be taxed against Deshikachar pursuant to Rule 8021(a)(2); **ORDERING**, pursuant to Rule 8020, that Deshikachar reimburse Collins $11,408.50 for the expenses she incurred from attorney time spent responding to his frivolous appeal and for double the costs expended in responding to his frivolous appeal.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: December 29, 2016

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but

4

fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 29, 2016.

                                          s/Marlena Williams
                                          MARLENA WILLIAMS
                                          Case Manager